[Civ. No. 20992. First Dist., Div. Two. June 14, 1963.]

EUGENIA A. WATSON, Plaintiff and Respondent, v. LELAND PEIRCE, Defendant and Appellant.

Leo M. Cook for Defendant and Appellant.

Jack C. Hamson for Plaintiff and Respondent.

AGEE, J.—Defendant appeals from a judgment entered in favor of plaintiff in an action on a promissory note. The note is typewritten and is in the following words and figures:

"$1,500.00                            January 16, 1960

"For Value Received, I promise to pay to Joe Kirkwood, or order, at Fort Bragg, California, the sum of Fifteen Hundred and no/100 Dollars ($1,500.00), payable as follows: The sum of $.50 for each thousand board feet of lumber cut at the sawmill situated on Iverson Road, South of Point Arena, California, commonly known as 'Shoreline Stud Mill,' until the entire balance shall have been paid.

/s/ Leland Peirce
Leland Peirce"

Immediately below is added, in the *handwriting of the defendant*, the following: "to be paid in full by Jan. 16, 1961 LP." Below this is typed, except for the signatures, the following: "For value received, I, JOE KIRKWOOD, do hereby assign all my right, title, and interest in the above note to

EUGENIA E. WATSON, P. O. Box 152, LAYTONVILLE, CALIFORNIA.

Dated at Laytonville, California, January 19, 1960.

/s/ JOE KIRKWOOD
JOE KIRKWOOD

WITNESS: /s/ Tom Kirkwood''

Defendant's answer admits the execution and delivery of the note on the date it bears, the assignment of the note to plaintiff three days later, and the payment of only $47.44 on account. Defendant alleges an oral agreement between himself and Kirkwood that the note would be payable *only* if the sawmill was operated at a profit during the year 1960 and that, no profit having been made during said period, nothing ever became due under the note.

The trial court made findings that the note contained the entire agreement between defendant and the payee and that there was no oral agreement to the contrary. It found that the entire balance of $1,452.57 became due on January 16, 1961, and rendered judgment accordingly.

The trial court was not required to accept the uncorroborated testimony of defendant as to the alleged oral agreement. Kirkwood's lips were sealed by his death, on September 22, 1960. Plaintiff testified that she had never heard of the alleged oral agreement until defendant filed his answer herein, on March 13, 1961.

The only payment defendant ever made on the note ($47.44) was not based on any "profit" contingency but was made on the basis of 94,872 board feet of lumber cut at the sawmill. This is inconsistent with defendant's claim that nothing was due on the note *unless* a profit was made in 1960. At the time of such payment, April 23, 1960, the year's operations were just starting and whether a profit would be made or the amount thereof could not then have been known.

Defendant's explanation as to why he wrote in the words, "to be paid in full by Jan. 16, 1961," is somewhat difficult to understand. He testified that the reason he "put that on the bottom, that I wanted it to be *cancelled out* by the first of the year." (Italics added.) He then gave the following answer to the following question: "Q. But it doesn't say that. Why didn't you go ahead and put on there, 'This note is revoked.'? It doesn't say that. A. Well, I thought I was putting on what would take care of it."

Defendant admitted that he had not signed the note before the addendum as to the due date was written in by him. He stated: "The fact is, he took that note over to—we had it and he took the note over to Laytonville and then he brought it back, *and then we negotiated it.*" (Italics added.)

The trial court may well have concluded that Kirkwood insisted that the note provide for a definite, unconditional due date and that this was thereupon written in by defendant to accord with the way the parties thereto "negotiated it."

There are other inconsistencies and improbabilities in defendant's testimony. Much of it was given in response to leading questions. One example will suffice. "Q. [by defendant's counsel] Did it mean that as between the two of you, between you and Mr. Kirkwood, that if the money wasn't made from operating the mill, that you would owe him the money anyway, personally. A. No. No, it was the mill, the only reason that was made out was because Joe expected the mill, and I did too, to make a big profit that spring. If it made a profit, then I figured he was entitled to something somewhere."

It is evident from the findings that the trial court chose not to believe the defendant's testimony as to the existence of the alleged oral agreement. It had the right to do so, even though no witness testified directly to the contrary. (*Fleishman* v. *Blechman*, 148 Cal.App.2d 88, 99 [306 P.2d 548]; *Lohman* v. *Lohman*, 29 Cal.2d 144, 149 [173 P.2d 657]; *Hicks* v. *Reis*, 21 Cal.2d 654, 659-660 [134 P.2d 788].)

In view of the foregoing it is unnecessary to discuss plaintiff's contentions, also decided in her favor, that the note was a negotiable instrument and that plaintiff was a holder thereof in due course. Neither is it necessary to discuss plaintiff's further contention that parol evidence should not have been admitted to alter or add conditions to the terms thereof.

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.